IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00346-MR-WCM

DARRELL JEFFREY FORTUNE,           )
                                    )
            Plaintiff,              )
                                    )
    vs.                             )           O R D E R
                                    )
GAYLOR ELECTRIC, INC. and           )
JUSTIN BAKER, individually,         )
                                    )
            Defendants.             )
_____ )

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 5]; the Magistrate Judge's Memorandum and Recommendation [Doc. 13] regarding the disposition of the Motion to Dismiss; and the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 14].

**I.    PROCEDURAL BACKGROUND**

On September 18, 2019, the Plaintiff Darrell Jeffrey Fortune (the "Plaintiff") filed a Complaint in Burke County Superior Court asserting interference, retaliation, and willful violation claims under the Family Medical Leave Act ("FMLA") and a claim under the Fair Labor Standards Act ("FLSA") against Gaylor Electric, Inc. and Justin Baker (the "Defendants"). [Doc. 1-2].

On December 13, 2019, the Defendants filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1331. [Doc. 1]. On January 3, 2020, the Defendants filed a Motion to Dismiss the Plaintiff's FMLA claims. [Doc. 5].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendants' Motion to Dismiss and to submit a recommendation for its disposition. On May 28, 2020, the Magistrate Judge filed a Memorandum and Recommendation recommending that the Defendants' Motion to Dismiss be granted as to the Plaintiff's FMLA interference claim. [Doc. 13]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Plaintiff timely filed Objections on June 11, 2020. [Doc. 14]. The Defendants filed a response on June 25, 2020. [Doc. 15].

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient

2

specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III.  DISCUSSION

The Plaintiff presents four objections to the Memorandum and Recommendation.  [Doc. 14].  First, the Plaintiff objects that the Memorandum and Recommendation adopted an incorrect legal standard regarding an interference claim under the FMLA.  [Id. at 3].  Second, the Plaintiff objects that the Memorandum and Recommendation incorrectly concluded that the Plaintiff was restored to his position following his leave. [Id. at 7].  Third, the Plaintiff objects that the Memorandum and Recommendation incorrectly concludes that the Plaintiff failed to satisfy the causation element of an interference claim under the FMLA.  [Id. at 8]. Finally, the Plaintiff objects that the Memorandum and Recommendation

3

erred by not allowing the Plaintiff to file an amended complaint or clarify the allegations of the original complaint.

As part of his objections, the Plaintiff argues that the Magistrate Judge erred in not allowing him to file an amended complaint to correct and/or clarify the allegations of the original Complaint. The Plaintiff's request for leave to amend was set forth in the conclusion of his brief in opposition to the Defendant's Partial Motion to Dismiss. [See Doc. 10 at 19 ("If necessary, the Court should grant Plaintiff leave to file a first amended complaint to allege any pertinent facts omitted from the original complaint.")]. Such a request was in contravention of the Court's Local Rules, which prohibit the inclusion of requests for affirmative relief in responsive pleadings. See LCvR 7.1(c)(2) ("Motions shall not be included in responsive briefs. Each motion must be set forth as a separately filed pleading."). Thus, the Magistrate Judge did not err in declining to address the Plaintiff's request. Moreover, the Plaintiff had twenty-one days from the filing of the Defendant's motion to dismiss to file an amended complaint as of right and to address any pleading deficiencies identified by the Defendant in its motion. See Fed. R. Civ. P. 15(a)(1)(B). Despite having the unilateral right to do so, the Plaintiff failed to amend his Complaint within the time required. Having failed to amend his pleading and to address the deficiencies identified by the Defendant, the

Plaintiff left the Court with no option but to address the Defendants Motion to Dismiss on its merits. In so doing, the Magistrate Judge engaged in a thorough analysis of the Plaintiff's claims and the factual allegations made in support thereof. The Plaintiff cannot now attempt to circumvent the Magistrate Judge's recommendation by seeking to amend his Complaint. See Bailey v. Polk County, No. 1:10cv264, 2011 WL 4565449, at *4 (W.D.N.C. Sept. 29, 2011). In any event, any such amendment would be futile, as the Court finds that the amendments proposed by the Plaintiff still would not plausibly allege an interference claim under the FMLA. For these reasons, the Plaintiff's objection is overruled.

After careful consideration of the Memorandum and Recommendation and the Plaintiff's Objections thereto, the Court finds that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law. Accordingly, the Court hereby overrules the Plaintiff's Objections and accepts the Magistrate Judge's recommendation that the Motion to Dismiss be granted as to the Plaintiff's FMLA interference claim.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 14] are **OVERRULED**; the Memorandum and Recommendation [Doc. 13] is **ACCEPTED**; and the Defendants' Motion to Dismiss [Doc. 5] is **GRANTED** with respect to the

Plaintiff's FMLA interference claim and **DENIED** with respect to the Plaintiff's retaliation and willful violation claims under the FMLA.

**IT IS SO ORDERED.**

Signed: July 3, 2020

Martin Reidinger
Chief United States District Judge

6

Case 1:19-cv-00346-MR-WCM   Document 16   Filed 07/06/20   Page 6 of 6